# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

PHIGENIX, INC.; MUSC
FOUNDATION FOR RESEARCH
DEVELOPMENT,

     Plaintiffs,

v.

GENENTECH, INC.,

     Defendant.

Civil Action No. 1:14-cv-00287-RWS

---

## GENENTECH'S BRIEF IN SUPPORT OF
## MOTION TO TRANSFER

Frank M. Lowrey – Ga. Bar No. 410310
Randi E. Schnell – Ga. Bar No. 248592
Tiana S. Mykkeltvedt – Ga. Bar No. 533512
BONDURANT MIXSON
& ELMORE, LLP
1201 W. Peachtree St., NW, Suite 3900
Atlanta, GA 30309-3417
Telephone: (404) 881-4100
Fax: (404) 881-4111

Michael A. Jacobs (*pro hac vice*)
Matthew I. Kreeger (*pro hac vice*)
John K. Blake, Jr. (*pro hac vice*)
Xiang Li (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522

*Attorneys for Defendant Genentech, Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................1

BACKGROUND FACTS .........................................................................2

    I.    GENENTECH ....................................................................2

    II.    PLAINTIFFS.......................................................................3

    III.    THE PRESENT ACTION....................................................4

LEGAL STANDARD...............................................................................5

ARGUMENT ...........................................................................................6

    I.    PLAINTIFFS COULD HAVE FILED THIS ACTION IN THE
        NORTHERN DISTRICT OF CALIFORNIA.......................................6

    II.    TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA
        IS IN THE INTEREST OF JUSTICE AND BEST SERVES THE
        CONVENIENCE OF THE PARTIES AND WITNESSES. ...............6

            A.    Factors (1) and (3): Transfer To the Northern District of
                California Will Minimize the Costs of Attendance for Key
                Witnesses and Maximize the Convenience of the Parties. .........7

            B.    Factors (2) and (4): The Location of Relevant Documents and
                the Locus of Operative Facts Support Transfer. .......................10

            C.    Factor (5): The Availability of Process to Compel the
                Attendance of Unwilling Witnesses Also Favor Transfer........11

            D.    Factors (6) and (7): The Relative Means of the Parties and the
                Forum's Familiarity with Patent Law Are Neutral Factors......13

            E.    Factor (8): The Weight Accorded Plaintiffs' Choice of Forum Is
                Not Determinative...................................................................14

1238514.1

i

F.      Factor (9): Trial Efficiency and the Interests of Justice Favor
Transfer. ...................................................................................15

CONCLUSION ....................................................................................................15

# TABLE OF AUTHORITIES

## Cases:

*Chazen v. Deloitte & Touche, LLP* ....................................................................14
247 F. Supp. 2d 1259 (N.D. Ala. 2003)
*aff'd in part and rev'd in part*, No. 03-11472 EE, 2003 WL 24892029 (11th Cir.)

*In re Genentech, Inc.* .................................................................................7, 10
566 F.3d 1338 (Fed. Cir. 2009)

*In re Hoffmann-La Roche Inc.* ......................................................................15
587 F.3d 1333 (Fed. Cir. 2009)

*In re Nintendo Co., Ltd.* ..............................................................................8
589 F.3d 1194 (Fed. Cir. 2009)

*Joao Bock Transaction Sys., LLC v. Scottrade, Inc.* ...............................................1, 5
No. 1:12-cv-02858-RWS, slip op. at 2 (N.D. Ga. July 1, 2013)

*Lencco Racing Co. v. Artco, Inc.* ....................................................................14
953 F. Supp. 69 (W.D.N.Y. 1997)

*Manuel v. Convergys Corp.* .......................................................................6, 7, 14
430 F.3d 1132 (11th Cir. 2005)

*Micro Typing Sys., Inc. v. Immucor, Inc.* ...............................................................5
No. 1:99cv334-RWS, slip op. at 2 (N.D. Ga. May 18, 1999)

*Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.* ...............................................14
No. 11-CV-1358–RWS, 2011 WL 5599131 (N.D. Ga. Nov. 15, 2011)

*Proven Winners N. Am., LLC v. Cascade Greenhouse* ...........................................14
No. 2:06-cv-428-FtM-29DNF, 2007 WL 1655387 (M.D. Fla. June 6, 2007)

*Ramsey v. Fox News Network, LLC* ....................................................................12
323 F. Supp. 2d 1352 (N.D. Ga. 2004)

*Spanx, Inc. v. Times Three Clothier, LLC* ...............................................7
No. 1:13-cv-710-WSD, 2013 U.S. Dist. LEXIS 148006 (N.D. Ga. Oct. 15, 2013)

*Williams v. Columbus Bar Ass'n* ............................................................8
No. 1:12-CV-04382-RWS, 2013 WL 1963822 (N.D. Ga. May 8, 2013)

**Statutes:**

28 U.S.C. § 1338 ...................................................................................6

28 U.S.C. § 1400(b) ..............................................................................6

28 U.S.C. § 1404(a) ..............................................................................5

**Other:**

*About the MUSC Foundation for Research Development* ......................................13
MUSC Foundation For Research Development,
http://academicdepartments.musc.edu/frd/about (last visited July 14, 2014)

*Phigenix – Better Drugs for a Better Life* .................................................4
Phigenix, Inc., http://phigenix.com/ (last visited July 14, 2014)

## INTRODUCTION

"[T]he preferred forum in patent cases is the defendant's place of business."
*Joao Bock Transaction Sys., LLC v. Scottrade, Inc.*, No. 1:12-cv-02858-RWS, slip
op. at 2 (N.D. Ga. July 1, 2013). The proper venue for this case is the Northern
District of California, where Genentech, Inc. is headquartered. When the bulk of
evidence in a patent infringement case originates from the accused infringer, the
convenience of the parties and witnesses, as well as the interests of justice, favor
transfer to the accused infringer's primary place of business. Transfer to California
is consistent with this Court's recognition that the proper venue in patent
infringement suits is the defendant's place of business, where the allegedly
infringing activities primarily take place.

The locus of operative facts and the vast majority of evidence relevant to the
research, development, manufacturing, marketing, and sale of the accused product
will be discovered through Genentech witnesses and documents located in the
Northern District of California. Moreover, non-party witnesses such as former
Genentech employees and authors of material prior art also reside in the Northern
District of California, and the availability of process to compel their attendance
weigh significantly in favor of transfer.

On the other hand, Genentech is not aware of any relevant Genentech documents or anticipated witnesses located in the Northern District of Georgia. While many Genentech witnesses are located in the Northern District of California, only one foreseeable witness—the inventor of the asserted patent—is located in the Northern District of Georgia.  Inconvenience to the greater number of Genentech witnesses in the Northern District of California outweighs any inconvenience to the single foreseeable witness in the Northern District of Georgia.

The Northern District of California is a more convenient forum for this litigation than the Northern District of Georgia.  Accordingly, Genentech requests that this Court transfer this action to the Northern District of California.[1]

## BACKGROUND FACTS

### I.    GENENTECH

Genentech is a leading biotechnology company dedicated to the discovery and the development of medicines that treat patients with serious or life-threatening medical conditions.  (Decl. of Irene Loeffler in Support of Genentech's Mot. to Transfer ("Loeffler Decl.") ¶ 2.)  Kadcyla®, Genentech's recent contribution to the battle against breast cancer, is a powerful medication that has

---

[1] In a separate motion, Genentech requests dismissal of this action.  Should the Court grant Genentech's motion to dismiss, Genentech requests the Court deny this Motion as moot.

1238514.1

2

been shown in clinical trials to significantly extend the median survival of women with advanced-stage breast cancer.  (Loeffler Decl. ¶ 12, Ex. A.)  Genentech licenses certain technology for Kadcyla under an agreement with ImmunoGen, Inc. (Loeffler Decl. Ex. A.)

Genentech's headquarters are in South San Francisco, California, where Genentech's management, records, and primary research and development facilities are located.  (Loeffler Decl. ¶ 3.)  Genentech employs at least 14,000 people including scientists, executives, and staff, in the Northern District of California.  (*Id.* ¶ 4.)  Genentech scientists conducted the research that led to the creation of Kadcyla at Genentech facilities in the Northern District of California. (*Id.* ¶ 5.)  The bulk of foreseeable Genentech documents and witnesses relevant to the case are located in that District.  (*Id.* ¶ 11.)  Genentech is not aware of any relevant Genentech documents or anticipated witnesses in the Northern District of Georgia.  (*Id.*)

## II.   PLAINTIFFS

According to the amended complaint, Medical University of South Carolina Foundation for Research Development ("MUSC FRD") is a South Carolina not-for-profit corporation with its principal place of business in Charleston.  (First Am. Compl. ¶ 2, ECF No. 21.)  Phigenix, Inc. is a Georgia corporation with its principal

place of business in Atlanta.  (*Id.* ¶ 1.)  According to the amended complaint,

Phigenix is a research company.  Phigenix's website only lists three products

currently in development, and none for sale.  (*Id.*; *see Phigenix – Better Drugs for

a Better Life*, Phigenix, Inc., http://phigenix.com/ (last visited July 14, 2014).)

Carlton Donald, the founder of Phigenix and the inventor of the asserted

patent—United States Patent No. 8,080,534B2 (the "'534 patent")—appears to

reside in Atlanta.  (*See* First Am. Compl., Ex. A; Carlton Donald, *LinkedIn* profile

page, https://www.linkedin.com/pub/carlton-donald/12/55/589.)  Phigenix has no

discernable employees beyond Dr. Donald.  (*Who Are We?*, Phigenix, Inc.,

http://phigenix.com/who-are-we/ (last visited July 14, 2014).)

## III.   THE PRESENT ACTION

On January 31, 2014, Phigenix filed the original complaint in this action,

alleging that Genentech infringes the '534 patent.  (ECF No. 1.)  The complaint

accuses Genentech of directly infringing through its sale of Kadcyla and indirectly

infringing by inducing healthcare professionals to administer Kadcyla to breast

cancer patients.  (*Id.* ¶ 4.)  On May 29, 2014, four days before the deadline to serve

the complaint, Phigenix served Genentech.  (ECF No. 6.)

On June 11, 2014, this Court granted the parties' stipulation to extend time for Genentech to answer, move, or otherwise respond to the complaint through July 21, 2014.  (ECF No. 14.)

On June 16, 2014, Phigenix filed an amended complaint joined by MUSC FRD as a plaintiff.  (ECF No. 21.)  According to the amended complaint, MUSC FRD is the owner of the '534 patent, and Phigenix is the exclusive licensee.  (*Id.* ¶ 10.)

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice," district courts have discretion to order venue transfers.  28 U.S.C. § 1404(a). Transfer may be granted only to federal districts in which the action could have been brought.  *Id*.

This Court has recognized previously in patent infringement suits that the proper venue is the accused infringer's place of business.  *See Joao Bock Transaction Sys., LLC v. Scottrade, Inc.,* No. 1:12-cv-02858-RWS, slip op. at 2 (July 1, 2013)  ("This Court further notes that it agrees with the notion, voiced by several courts, that the preferred forum in patent cases is the defendant's place of business."); *Micro Typing Sys., Inc. v. Immucor, Inc.*, No. 1:99cv334-RWS, slip op. at 2 (N.D. Ga. May 18, 1999)  ("[T]his Court therefore adopts the Florida court's

sound reasoning as its own and transfers this action to [Texas]" "because the

overwhelming majority of evidence relating to the alleged infringing activity was

located in Houston, Defendant Gamma's principal place of business . . . .").

ARGUMENT

## I. PLAINTIFFS COULD HAVE FILED THIS ACTION IN THE NORTHERN DISTRICT OF CALIFORNIA.

Phigenix and MUSC FRD ("plaintiffs") could have brought this action in the

Northern District of California, where Genentech is headquartered.  *See* 28 U.S.C.

§§ 1338, 1400(b).

## II. TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA IS IN THE INTEREST OF JUSTICE AND BEST SERVES THE CONVENIENCE OF THE PARTIES AND WITNESSES.

The Eleventh Circuit recognizes the following "*Manuel* factors" in

evaluating a motion to transfer: "(1) the convenience of the witnesses; (2) the

location of relevant documents and the relative ease of access to sources of proof;

(3) the convenience of the parties; (4) the locus of operative facts; (5) the

availability of process to compel the attendance of unwilling witnesses; (6) the

relative means of the parties; (7) a forum's familiarity with the governing law; (8)

the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the

interests of justice, based on the totality of the circumstances."  *See Manuel v.*

*Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Spanx, Inc. v. Times Three Clothier, LLC*, No. 1:13-cv-710-WSD, 2013 U.S. Dist. LEXIS 148006, at *4-6 (N.D. Ga. Oct. 15, 2013) (applying *Manuel* factors).

Here, the balance of factors clearly weighs in favor of transfer to the Northern District of California because factors (1), (2), (3), (4), (5), and (9) support transfer, and only factor (8) weighs against it.  Factors (6) and (7) are neutral.

>    **A.    Factors (1) and (3): Transfer To the Northern District of California Will Minimize the Costs of Attendance for Key Witnesses and Maximize the Convenience of the Parties.**

Convenience of the parties and witnesses weigh heavily in favor of transfer. The bulk of relevant evidence in a patent infringement case usually comes from the accused infringer.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  Such is the case here.  Most Genentech witnesses are located in the Northern District of California, while only one foreseeable witness—the inventor of the '534 patent—is located in the Northern District of Georgia.

Genentech maintains its research and development facilities in South San Francisco, where at least sixteen potential trial witnesses are located.  (Loeffler Decl. ¶¶ 3, 9-10.)  At least five Genentech employees could testify in this action regarding the development of Kadcyla, and live in or near South San Francisco. (*Id.* ¶ 9.)  Furthermore, Genentech's regulatory and sales/marketing departments

are also located in South San Francisco.  (*Id.* ¶ 7.)  At least eleven Genentech employees could testify in this action about the sales, marketing, distribution, and/or regulatory planning for Kadcyla, and live in or near South San Francisco. (*Id.* ¶ 10.)

Because the bulk of evidence will come from Genentech, Genentech's witnesses will be key to this patent infringement suit.  The focus of the Court should be on the convenience of these key witnesses.  *See Williams v. Columbus Bar Ass'n*, No. 1:12-CV-04382-RWS, 2013 WL 1963822, at *3 (N.D. Ga. May 8, 2013) .

Keeping this action in the Northern District of Georgia would not only impose financial costs on Genentech but also require its witnesses to spend additional time away from their regular employment.  *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) ("Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." (citation omitted).)  For example, to testify at trial in this District, Genentech's witnesses will have to travel more than 2,000 miles, whereas if the case is

transferred, most witnesses will be able to participate in the proceedings without leaving their home state of California or traveling overnight.

Transferring this case does not simply shift the burden of inconvenience. Inconvenience to the greater number of Genentech witnesses in the Northern District of California outweighs any inconvenience to the single foreseeable witness in the Northern District of Georgia (*i.e.*, the inventor of the '534 patent). The otherwise disproportionate inconvenience to Genentech witnesses who will provide the bulk of relevant testimony in this patent infringement action warrants transfer to the Northern District of California.

As for convenience to the parties, MUSC FRD is based in South Carolina, and Andrews Kurth, Phigenix's national counsel, is located in Washington D.C. and Texas. ImmunoGen, a non-party from whom Genentech licenses certain technology related to Kadcyla, is headquartered in Massachusetts. Their representatives will need to travel out of their home states regardless of where the case unfolds. (Decl. of Xiang Li in Support of Genentech's Mot. to Transfer ("Li Decl.") ¶ 2.) In comparison, Morrison & Foerster, Genentech's national counsel, is based in the Northern District of California. (*Id.* ¶ 4.) Transferring the case to the Northern District of California will allow Genentech, its employees who may testify, and its national counsel to participate in the case without leaving their

home state, whereas keeping the case in the Northern District of Georgia benefits only a single witness: Phigenix's founder.

### B. Factors (2) and (4): The Location of Relevant Documents and the Locus of Operative Facts Support Transfer.

Plaintiffs cannot dispute that the location of relevant documents and locus of operative facts about Genentech's alleged infringement is in the Northern District of California. The relative ease of access to evidence weighs heavily in favor of transfer given that Genentech's relevant evidence is in South San Francisco. As the accused infringer, Genentech's evidence is particularly important. *See In re Genentech, Inc.*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). As courts have clarified, the fact that certain documents may be stored electronically does not change this analysis. *Id.* Genentech generates and maintains nearly all of its official records regarding Kadcyla—including potentially relevant development records, submissions to the United States Food and Drug Administration, marketing materials, and sales planning documents—in South San Francisco. (Loeffler Decl. ¶ 6.) Genentech also primarily maintains its official corporate records at its headquarters in South San Francisco. (*Id.*)

Similarly, the locus of operative facts supports transfer.  To be sure, plaintiffs allege that Genentech "manufactures, uses, sells and/or markets KADCYLA® throughout the United States and in this District" (First Am. Compl. ¶ 12), but that nationwide allegation does not single out this District as a preferred forum.  To the contrary, Genentech's primary research and development facilities are located in South San Francisco, where the research and development of Kadcyla took place.  (Loeffler Decl. ¶ 5.)  Plaintiffs further allege that Genentech "actively induces infringement by healthcare professionals . . . providing its FDA-approved label and marketing literature through websites and other materials" (First Am. Compl. ¶ 5), yet Genentech's sales, marketing, distribution, and regulatory planning for Kadcyla also primarily take place in South San Francisco. (Loeffler Decl. ¶ 7.)  Thus, Genentech's alleged direct and indirect infringing activities occur in the Northern District of California.

Thus, the location of relevant documents and locus of operative facts both weigh heavily in favor of transfer.

### C.    Factor (5): The Availability of Process to Compel the Attendance of Unwilling Witnesses Also Favor Transfer.

The Northern District of California will also be able to compel the attendance of non-party witnesses who have relevant knowledge about Kadcyla and prior art that concerns the validity of the '534 patent.  "Given the fact that,

1238514.1

when possible, live testimony is preferred over other means of presenting evidence, the convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue." *Ramsey v. Fox News Network*, *LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004).

For example, Barbara Klencke is a former employee who helped develop Kadcyla and currently resides in the Northern District of California. (Li Decl. ¶ 3(a).) Timothy Schwartz is a former employee who corresponded with Phigenix in the pre-filing communications and has relevant knowledge of Genentech's lack of specific intent to induce infringement. Dr. Schwartz resides in or near South San Francisco. (*Id.* ¶ 3(b).) Robert Cohen, another former employee, similarly resides in or around South San Francisco and was previously a Senior Oncology Fellow at Genentech. Mr. Cohen worked on the research and development of antibody-drug conjugates, including research leading to Kadcyla. (*Id.* ¶ 3(c).) In addition, Daniel V. Santi and Hillel David Friedland, authors of prior art that concern the validity of the '534 patent, both appear to reside in the Northern District of California. (*Id.* ¶ 3(d).) The availability of process to compel their attendance could be significant.

On the other hand, Genentech is aware of no third-party witnesses within the subpoena power of the Northern District of Georgia. Accordingly, the parties will

be better equipped to develop relevant evidence if this case were to proceed in the Northern District of California.

> **D.      Factors (6) and (7): The Relative Means of the Parties and the Forum's Familiarity with Patent Law Are Neutral Factors.**

The relative means of the parties is a neutral factor.  By all indications, when it comes to patent disputes Phigenix operates a sophisticated company with global reach.  Phigenix has filed dozens of patent applications in countries around the world, including among others, the United States, Australia, China, Japan, and Russia.  (Li Decl. ¶ 5.)  Moreover, in addition to filing this action, Phigenix filed *inter partes* review petitions before the Patent and Trademark Office against two Kadcyla-related patents—neither of which is at issue in this case.  (*Id.* ¶ 6) Similarly, MUSC FRD is a sophisticated technology transfer department of the Medical University of South Carolina.[2]  (*See* First Am. Compl. ¶ 2.)

Both the Northern District of California and the Northern District of Georgia are well-versed in patent law.  This factor is also neutral.

---

[2] "FRD has served as MUSC's technology transfer office since 1995, filing over 200 new patent applications, had over 50 US patents issued, and spawned over 30 startups.  MUSC startups have had product approved by the FDA, been acquired by publically traded corporations, attracted substantial investment dollars into our state, and continue to create high paying jobs."  (*About the MUSC Foundation for Research Development*, MUSC Foundation For Research Development, http://academicdepartments.musc.edu/frd/about (last visited July 14, 2014).)

1238514.1

### E.     Factor (8): The Weight Accorded Plaintiffs' Choice of Forum Is Not Determinative.

Plaintiffs' choice of the Northern District of Georgia is entitled to some deference, but that preference is only one of nine factors and not determinative. *See Chazen v. Deloitte & Touche, LLP*, 247 F. Supp. 2d 1259, 1266 (N.D. Ala. 2003), *aff'd in part and rev'd in part*, No. 03-11472 EE, 2003 WL 24892029 (11th Cir.) ("The plaintiff's choice is indeed to be given deference.  However, it is one factor and not determinative."); *cf. Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, No. 11-CV-1358–RWS, 2011 WL 5599131, at *3 (N.D. Ga. Nov. 15, 2011) (finding that the totality of circumstances favored transfer despite plaintiff's choice of home forum); *Manuel*, 430 F.3d at 1135 n.1 (listing plaintiff's forum choice as penultimate factor).

As discussed above, the center of gravity for the witnesses, evidence, and alleged infringement is located in the Northern District of California.  *See Proven Winners N. Am., LLC v. Cascade Greenhouse*, No. 2:06-cv-428-FtM-29DNF, 2007 WL 1655387, at *2 (M.D. Fla. June 6, 2007) (transferring case despite resident plaintiff's choice of forum).  In contrast, none of the accused acts of infringement has a "material relation or significant connection to" the Northern District of Georgia.  *Lencco Racing Co. v. Artco, Inc.*, 953 F. Supp. 69, 72-73 (W.D.N.Y. 1997) (resident plaintiff's choice of forum not entitled to great deference when

1238514.1

14

substantial evidence and alleged infringement are located elsewhere).  Plaintiffs'

choice of forum is not dispositive and is clearly outweighed by the showing of the

remaining factors that support transfer to the Northern District of California.

      **F.**     **Factor (9): Trial Efficiency and the Interests of Justice Favor Transfer.**

The Northern District of California has a strong interest in resolving this

dispute.  *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).

The alleged infringement, and the research and product development for Kadcyla,

primarily occurred in the Northern District of California.  The key witnesses are

located primarily in that district, including some non-parties within the subpoena

power of only the Northern District of California.  In contrast, the owner of the

'534 patent—MUSC—is not a resident of Georgia, and only a single identifiable

witness is located in the Northern District of Georgia.  The Northern District of

California's local interest in having the case proceed in its own courts weighs in

favor of transfer.

## CONCLUSION

For the reasons stated above, Genentech requests that this Court transfer this

case to the Northern District of California, the more convenient forum.

1238514.1

15

Respectfully submitted, this 21st day of July, 2014.

/s/ Frank M. Lowrey
Frank M. Lowrey
Georgia Bar No. 410310
Randi E. Schnell
Georgia Bar No. 248592
Tiana S. Mykkeltvedt
Georgia Bar No. 533512

BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street, NW, Suite 3900
Atlanta, GA 30309-3417
Telephone: (404) 881-4100
Fax: (404) 881-4111
Email: lowrey@bmelaw.com
Email: schnell@bmelaw.com
Email: mykkeltvedt@bmelaw.com

Michael A. Jacobs (*pro hac vice*)
Matthew I. Kreeger (*pro hac vice*)
John K. Blake, Jr. (*pro hac vice*)
Xiang Li (*pro hac vice*)

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Fax: (415) 268-7522
Email: MJacobs@mofo.com
Email: MKreeger@mofo.com
Email: JBlake@mofo.com
Email: XLi@mofo.com

*Attorneys for Defendant Genentech, Inc.*

1238514.1

16

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief and the accompanying declarations comply

with Local Rule 7.1(D) and 5.1(B).  The font and point size used in preparing the

foregoing documents are Times New Roman 14-point.

<u>*/s/ Frank M. Lowrey*</u>
Frank M. Lowrey
Georgia Bar No. 410310

BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street, NW, Suite 3900
Atlanta, GA 30309-3417
Telephone: (404) 881-4100
Fax: (404) 881-4111
Email: lowrey@bmelaw.com

1238514.1

## **CERTIFICATE OF SERVICE**

This is to certify that on July 21, 2014, I electronically filed Genentech's

Brief in Support of Motion to Transfer with the Clerk of Court using the CM/ECF

system which will automatically send email notification of such filing to the

following attorneys of record:

> Aldo Noto
> John Murray
> Robert Alan Gutkin
> Andrews Kurth, LLP
> 1350 I Street, NW, Suite 1100
> Washington, DC 20005
> Email: aldonoto@andrewskurth.com
> Email: robertgutkin@andrewskurth.com
>
> David Christopher Hanson
> Paul E. Weathington
> Weathington Smith, P.C.
> 191 Peachtree Street, NE, Suite 3900
> Atlanta, GA 30303
> Email: dhanson@weathingtonsmith.com
> Email: pweathington@weathingtonfirm.com
>
> Gregory L. Porter
> Andrews Kurth, LLP
> Suite 4200
> 600 Travis
> Houston, GA 77002
> Email: gregporter@andrewskurth.com

1238514.1

18

*/s/ Frank M. Lowrey*

Frank M. Lowrey
Georgia Bar No. 410310

BONDURANT MIXSON & ELMORE, LLP
1201 West Peachtree Street, NW, Suite 3900
Atlanta, GA 30309-3417
Telephone: (404) 881-4100
Fax: (404) 881-4111
Email: lowrey@bmelaw.com

1238514.1

19